Duffy v. The County of Cook, 187 Ill. App. 437.

2. CIVIL SERVICE, § 30*—*when appointee not entitled to salary during suspension.* In an action by a civil service appointee against a county for salary claimed to be due during a period of suspension on charges made against her to the Civil Service Commission where such charges had been dismissed and she was reinstated to her position, *held* that an affidavit of defense setting up that plaintiff did not render or offer to render any service to the county during such period was a valid defense to the action.

3. CIVIL SERVICE, § 31*—*right of civil service appointee to compensation.* Positions under the Civil Service Act for counties are not mere employments but are in the nature of offices, and the right of compensation grows out of the rendition of services and not out of any contractual relations.

---

## James Duffy, Appellee, v. The County of Cook, Appellant.

### Gen. No. 19,974.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed June 29, 1914.

### Statement of the Case.

Action by James Duffy against County of Cook of the State of Illinois to recover a sum claimed to be due him for a period of time which he was prevented from working for the County as a civil service employe. With the declaration plaintiff filed his affidavit stating that his suit was for wages and salary appropriated by defendant to him as a fireman and that there was due him $585, etc. Defendant filed a plea of non assumpsit and with it an affidavit of defense which set up that plaintiff was temporarily absent from the service of the County from January 15, 1912 to April 30, 1912; that during such time the moneys appropriated for firemen were paid to other persons in the employ of

*See **Illinois Notes Digest, Vols XI to XV**, and **Cumulative Quarterly,** same topic and section number.

the County; that on July 1, 1912, the State obtained title to the institution at Dunning, and that on that day plaintiff, who was then employed at Dunning as fireman, voluntarily entered the service of the State of Illinois as fireman at Dunning and continued in such service until August 29, 1912 that on July 1, 1912, plaintiff was laid off from the service of the county in accordance with the provisions of the law and the rules of the Civil Service Commission then in force, and his name placed on the register of eligibles for reinstatement to be appointed whenever a vacancy should occur; that no vacancies since that time have occurred, and that plaintiff still remains upon the eligible register.

The procedure in this case was the same as in the case of *Kearney v. County of Cook,* p. 435, *ante.* The questions presented for review being the same as in that case, the decision in *Kearney* case *held* controlling.

CARL R. CHINDBLOM, for appellant.

A. D. GASH, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.